IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**SHAWN WILLIAM CARMICHAEL**,

    **Plaintiff,**

v.                                          Case No. 3:19-cv-00913

**WESTERN REGIONAL JAIL,**

    **Defendant.**

### PROPOSED FINDINGS AND RECOMMENDATIONS

Plaintiff, Shawn William Carmichael ("Carmichael"), filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983, (ECF No. 2), related to his personal property, which he claims was lost by the Western Regional Jail and Correctional Facility ("WRJ"). Currently pending are Carmichael's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), and the initial screening of his complaint. This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and is referred to the undersigned United States Magistrate Judge for total pretrial management and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned **RECOMMENDS** that the presiding District Judge **DENY** the Application to Proceed Without Prepayment of Fees and Costs; **DISMISS** the complaint, with prejudice, as it fails to state a claim that is compensable in this Court; and **REMOVE** this civil action from the docket of the Court.

I. **Introduction**

Carmichael alleges that the WRJ lost many of his personal belongings; including, a cellphone, car and house keys, a wallet with his identification, debit cards, family pictures, a knife, a watch, a gold necklace, and clothing, all of which together are valued at approximately $2900. (ECF No. 2 at 4-5). Carmichael asks the Court to order the WRJ to find his property, or pay for the loss. Carmichael asserts that he should also be compensated for the risk of identity theft, the cost of changing all of the locks on his home, and the inconvenience he has and will experience. (*Id.* at 5). Carmichael states that he filed a grievance, but has not received an answer. (*Id.* at 3).

II. **Standard of Review**

Under the provisions of 28 U.S.C. § 1915(e)(2), when an individual seeks to prosecute a complaint *in forma pauperis*, the court must screen the pleading and dismiss it, or any part of it, if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant "who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A "frivolous" case has been defined as one which is based upon an indisputably meritless legal theory, *Anders v. California*, 386 U.S. 738, 744 (1967), or lacks "an arguable basis either in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *Denton v. Hernandez,* 504 U.S. 25 (1992). Likewise, a complaint fails to state a compensable claim, and therefore should be dismissed, when viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly,* 550 U.S. 544, 570 (2007).

The United States Supreme Court further clarified the "plausibility" standard in

*Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009), stating that the court is required to accept as true the factual allegations asserted in a complaint, but is not required to accept the legitimacy of legal conclusions that are "couched as ... factual allegation[s]." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 554). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679.

Carmichael has filed his complaint *pro se*, and courts are required to liberally construe *pro se* complaints. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the complaint still must contain sufficient factual allegations to support a valid legal cause of action. *Bass v. E.I. Dupont de Nemours & Co.,* 324 F.3d 761, 765 (4th Cir. 2003). The court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), construct the plaintiff's legal arguments for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

**III.   Discussion**

As stated, Carmichael filed suit pursuant to 42 U.S.C. § 1983. Section 1983 provides a remedy to parties who are deprived of federally protected civil rights by persons acting under color of any State "law, statute, ordinance, regulation, custom, or usage." Congress enacted § 1983 "to enforce provisions of the Fourteenth Amendment against those who carry a badge of authority of a State and represent it in some

capacity, whether they act in accordance with their authority or misuse it." *Monroe v. Pape,* 365 U.S. 167, 171-172 (1961). In order to state a viable claim under § 1983, a plaintiff must show that: (1) a person deprived him or her of a federally protected civil right, privilege, or immunity and (2) that the person did so under color of State law. *See American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-52 (1999).

The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. To the extent Carmichael asserts a due process claim related to the loss of his property, his claim must fail. Carmichael does not allege that any individual at the WRJ intentionally destroyed or stole his property. Instead, he simply states that the property was lost. Negligent acts cannot give rise to a constitutional deprivation. *Daniels v. Williams,* 474 U.S. 327, 328 (1986), ("[T]he Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property."); *Nwaokocha v. Sadowski*, 369 F. Supp. 2d 362, 370 (E.D.N.Y. 2005) (holding that "negligently misplacing an inmate's property does not establish a denial of due process.); *Mosley v. Scarcella*, No. 1:19-CV-01550-RMG, 2019 WL 3406612, at *2 (D.S.C. July 29, 2019) (confirming that "the Due Process Clause is not implicated by a negligent act of an official causing unintended loss or injury to life, liberty or property.").

Moreover, even if someone at the WRJ had intentionally caused the loss of Carmichael's property, he cannot maintain a due process claim when meaningful post-deprivation procedures are in place. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("Accordingly, we hold that an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the

4

Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."); *and Parratt v. Taylor,* 451 U.S. 527, 541–44 (1981), *overruled in part by Daniels v. Williams,* 474 U.S. 327, 330–31 (1986); *also Carter v. Lassiter*, No. 1:18-CV-275-FDW, 2019 WL 6048043, at *5 (W.D.N.C. Nov. 14, 2019) ("Where a state employee's random, unauthorized act deprives an individual of property, either negligently or intentionally, the individual is relegated to his state post-deprivation process, so long as the State provides an adequate post-deprivation remedy."). The ability to file state court claims for loss of the property and the availability of grievance processes have been held to constitute meaningful post-deprivation remedies. *See Kidd v. Bradley*, 578 F. Supp. 275, 276–77 (N.D.W. Va. 1984). As explained in *Kidd*:

> Under the common law of West Virginia, "[t]he tortious or unlawful taking of personal property, and the exercise of ownership and dominion over it, against the consent of the owner is … a conversion of the property for which … [a cause of action] will lie." The common law likewise recognizes a cause of action for the negligent deprivation of, or injury to, one's personal property rights. Inasmuch as these common law actions provide the Plaintiff at bar with an adequate post-deprivation remedy, the Court finds that the Plaintiff has not stated a cause of action under Section 1983.

*Id.* (citations omitted); *see, also, Goodman v. Ramey*, No. CIV.A. 2:12-0439, 2012 WL 5966642, at *4 (S.D.W. Va. Nov. 29, 2012) (holding that an inmate failed to state a constitutional claim for the loss of his property when he could have challenged the taking "in a garden-variety tort claim in state court."); *Whitehead v. Beard*, No. CIV.A. 04-CV-1853, 2006 WL 891053, at *8 (E.D. Pa. Mar. 30, 2006) ("The Third Circuit has held that the DOC's prison grievance procedure provides an adequate post-deprivation of property remedy."); *and Cooper v. Wright*, No. 7:15CV00572, 2016 WL 7165994, at *4 (W.D. Va. Dec. 6, 2016) (holding that prisoner failed to demonstrate that post-

deprivation remedies were not available when grievance procedures addressed the issue). Carmichael states that he filed a grievance, but he does not indicate that he exhausted all of his administrative remedies. It is not enough to file a grievance; instead, Carmichael must follow through on all steps of the grievance procedure before he resorts to federal court.

Put simply, Carmichael's complaint about the loss of his personal property is not correctly filed in federal court, because he has available and adequate state court remedies. For example, Carmichael may file a claim with the West Virginia Legislative Claims Commission or a tort action in state court. Consequently, with state remedies available to him, the undersigned **FINDS** that Carmichael fails to state a claim that is compensable in this Court.

## IV.    Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the presiding United States District Judge accept and adopt the proposed findings and **RECOMMENDS** that Plaintiff's Complaint, (ECF No. 2), be **DISMISSED, with prejudice;** the Application to Proceed Without Prepayment of Fees and Costs be **DENIED,** as moot, (ECF No. 1); and this civil action be removed from the Court's docket.

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three additional days (if received by mail) from the date of filing this "Proposed Findings and

Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding district judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Chambers and Magistrate Judge Eifert.

    The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Plaintiff.

    **FILED:** February 3, 2020

Cheryl A. Eifert
United States Magistrate Judge